UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **Jonathan Terry Hill** | ) | **B-09-50179 C7-W** |
| **Pamela Marshall Hill,** | ) | |
| | ) | |
| Debtors. | ) | |

### ORDER AND OPINION DENYING REAFFIRMATION AGREEMENT

This case came before the Court on June 3, 2009, pursuant to Section 524 of the Bankruptcy Code, for consideration of a reaffirmation agreement between Jonathan Terry Hill (the "Debtor") and New South Federal Savings Bank (the "Creditor") and to show cause as to why the reaffirmation agreement should not be stricken as a result of a failure to comply with Rule 4008(a) of the Federal Rules of Bankruptcy Procedure. Stephen D. Ling appeared on behalf of the Debtor. The Debtor sought to reaffirm a debt in the amount of $14,810.01, which debt is secured by a 2007 Mazda 5.

The reaffirmation agreement was filed with the Court on May 14, 2009, and was therefore not filed with the Court within sixty (60) days after the first date set for the Section 341 meeting of creditors as required by Bankruptcy Rule 4008(a). The Debtor filed his bankruptcy petition on January 30, 2009, and on the same date filed his statement of intentions indicating that he intended to retain his 2007 Mazda 5 and reaffirm his debt with the Creditor. On February 3, 2009, counsel for the Debtor sent correspondence to Creditor stating that the Debtor intended to retain the vehicle and sign a reaffirmation agreement, and requested that Creditor provide Debtor's counsel with a copy of the certificate of title and security agreement, as well as a proposed reaffirmation agreement. Subsequently, near the end of March, 2009, Debtor's counsel received a proposed reaffirmation agreement from the Creditor. The Debtor and his counsel signed the agreement and returned it to the lender on April 29, 2009.

Upon reviewing the agreement, the record in this case, the arguments presented at the hearing, the Court finds that the Debtor properly filed his statement of intention indicating that he wanted to reaffirm the debt, as required by Section 524 (c), and further, the Debtor took all reasonable steps to perform his intention with respect to such property pursuant to Section 521(a)(2).

It is therefore ORDERED that the reaffirmation agreement between the Debtor and the Creditor, filed on May 14, 2009, is stricken and will not be approved by the Court as the reaffirmation agreement was filed with the Court beyond sixty (60) days, as required by Bankruptcy Rule 4008(a).  Further, since the Debtor timely complied with the requirements of Section 524(c) and 521(a)(2), and in all respects agreed to reaffirm the debt on the original terms of the contract, the Court finds that (1) the automatic stay remains in effect, (2) the vehicle remains the property of the estate pursuant to Section 362(h)(1)(B), and (3) the ipso facto clause of the contract remains ineffectual, as provisions of Section 521(d) that would give it effect have not been met, so long as the Debtor remains current in his payments on the property.  See Coastal Federal Credit Union v. Hardiman, 398 B.R. 161, 189 (E.D.N.C. 2008); In re Husain, 364 B.R. 211, 219 (Bankr. E.D. Va. 2007); In re Hinson, 352 B.R. 48, 53 (Bankr. E.D.N.C. 2006).

**PARTIES TO BE SERVED**
**B-09-50179 C7-W**
**Page 1 of 1**

C. Edwin Allman, III
Chapter 7 Trustee
P.O. Drawer 5129
Winston-Salem, NC  27113-5129

Jonathan and Pamela Hill
164 Hidden Springs Lane
Ararat, NC  27007-8156

Stephen D. Ling
Ling & Farran
706 Green Valley Road, Suite 505
Greensboro, NC  27408-7023

New South Federal Savings Bank
Attn:  Rebecca Williams
210 Automation Way
Birmingham, AL  35210

Michael D. West, Esq.
Bankruptcy Administrator
P.O. Box 1828
Greensboro, NC 27402-1828